IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN M. FARRIS, )<br>)<br>      **Plaintiff,**     )<br>)<br>vs.     )<br>)<br>AARON M. HOPKINS,   )<br>FRANKLIN COUNTY JAIL,   )<br>KENNY,   )<br>GERALD,   )<br>STEPHANIE, and   )<br>DOCTOR,   )<br>)<br>      **Defendants.**   )| Case No. 23-cv-00375-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Allen M. Farris, currently incarcerated at the Franklin County Jail, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims ineffective assistance of counsel and asserts jail staff failed to treat his neck injury. (Doc. 1). Farris seeks monetary damages and injunctive relief. *Id.*

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Defendant Hopkins was Plaintiff's retained defense attorney who withdrew from his case after Plaintiff complained to

the ARDC[1] about his representation (Doc. 1, p. 6). Plaintiff was dissatisfied with Hopkins' recommendation to waive his speedy trial rights and failure to seek a bond reduction.

On July 17, 2021, between 7:00 and 8:00 p.m., Plaintiff's neck was "snapped" and injured (Doc. 1, pp. 2, 6). Defendant Kenny (a correctional officer)[2] called the Defendant Doctor, but nothing was done about the incident or Plaintiff's injury. Plaintiff informed Correctional Officers Gerald and Kenny, and Attorney Hopkins multiple times about his injury, but he was never taken to the hospital to get x-rays. As a result, Plaintiff suffered anxiety, stress, depression, and other mental health issues.

Plaintiff requests injunctive relief including "restoration of good time" and expungement of his records, or in the alternative, money damages (Doc. 1, p. 7).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Ineffective assistance of counsel claim against Hopkins.

Count 2: Fourteenth Amendment claim against Hopkins and Franklin County Jail officials Kenny, Gerald, Stephanie and Unknown Doctor, for failing to provide any treatment for Plaintiff's July 17, 2021 neck injury.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[3]

**Preliminary Dismissals**

Plaintiff includes "Stephanie" as a named defendant, who he describes as a nurse at the

---

[1] Attorney Registration and Disciplinary Commission.
[2] Kenny is mistakenly identified on the docket sheet as a nurse. The Clerk will be directed to correct the error.
[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

Franklin County Jail, but fails to mention her in his statement of claim and does not describe what she allegedly did to violate his constitutional rights. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Rather, a plaintiff is required to associate specific defendants with specific claims so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under FED. R. CIV. P. 8 if it notifies the defendant of the principal events upon which the claims are based). Because Plaintiff has not articulated a viable claim against "Stephanie," she will be dismissed from the case.

Additionally, Plaintiff has not stated a viable claim against the Franklin County Jail because a jail is not a "person" or legal entity under § 1983 and is not amenable to suit. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). But even if the proper legal entity had been named, Plaintiff's allegations would be insufficient to state a colorable *Monell* claim. *See, e.g.*, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) (to hold a municipality liable for a civil rights violation, a plaintiff must allege that the constitutional deprivation was the result of an official policy, custom, or practice of the municipality). Accordingly, the Franklin County Jail will be dismissed from the case.

Finally, Plaintiff's requests for restoration of his good time/time served, expungement of records, and other injunctive relief unrelated to the surviving claims herein, will not be considered further. Release from prison or the award of sentence credits are remedies available only in a habeas corpus action, which may only be pursued after the prisoner has first presented all his claims to the Illinois courts, including appealing any adverse decisions to the state appellate and

supreme courts. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

## Discussion

### Count 1

Plaintiff's "ineffective counsel" claim against Hopkins is not cognizable in a federal civil rights action. An action filed under § 1983 requires that the defendant was acting under color of state law; neither an appointed public defender nor a privately retained defense attorney is a state actor. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995). Because Hopkins was not a state actor, Count 1 will be dismissed from the action with prejudice.

### Count 2

Plaintiff was in jail awaiting trial when his neck was injured on July 17, 2021.[4] As a pretrial detainee, his claim for inadequate medical treatment is governed by the Fourteenth Amendment's Due Process Clause. *Kingsley v. Hendrickson*, 576 U.S. 389, 395-96 (2015). To state a claim, a pretrial detainee must show that the defendants' conduct was objectively unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

Plaintiff does not provide any detail regarding the circumstances surrounding his neck injury or his physical symptoms. He alleges that he informed Correctional Officers Kenny and Gerald of his injury and that Kenny called the Unknown Doctor, who did not examine Plaintiff or refer him for x-rays. He further alleges that Kenny and Gerald did nothing further to obtain medical attention for him despite his repeated requests. These allegations are sufficient for Count 2 to proceed for further consideration against Kenny, Gerald, and the Unknown Doctor.[5] Because

---

[4] Plaintiff references his demand on October 4, 2022, to proceed with trial, which post-dated the July 2021 injury (Doc. 1, p. 6).
[5] As noted under Count 1, Attorney Hopkins was not a state actor. Therefore, he will be dismissed from Count 2 as well.

4

the Doctor cannot be served with notice of this lawsuit until s/he is identified, the Administrator of the Franklin County Jail will be added as a party, in his/her official capacity only, for the purpose of responding to discovery aimed at identifying the unknown defendant by name.

## Unknown Defendants

Plaintiff is responsible for conducting discovery (informal or formal) to identify the Unknown Doctor, as well as the full names of Officers Kenny and Gerald, in accordance with the Discovery Order that will be entered separately. Once the full names of the Unknown Doctor and the others are discovered, Plaintiff must file a motion to substitute the newly identified defendants in place of the generic and partial designations in the case caption and throughout the Complaint.

## Disposition

The Complaint states colorable claims in Count 2 against Kenny, Gerald, and the Unknown Doctor. Defendant Stephanie is **DISMISSED** without prejudice. Count 1, Aaron M. Hopkins, and the Franklin County Jail are **DISMISSED with** prejudice. The Clerk of Court is **DIRECTED** to **ADD** the Administrator of the Franklin County Jail, in his or her official capacity, to the docket for the purpose of responding to discovery.

The Clerk shall prepare for Correctional Officer Kenny, Correctional Officer Gerald, and the Administrator of the Franklin County Jail (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal

service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.  The Clerk is **FURTHER DIRECTED** to correct the description of Officer

Kenny in accordance with footnote 2.

**IT IS SO ORDERED.**

**DATED:  August 15, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.