IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ALLEN M. FARRIS, IDOC #Y13689,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:23-cv-00375-SMY |
| ) | |
| **KENNY JACOBS,** ) | |
| **GERALD DORRIS, and** ) | |
| **DR. HUGHES LOCHARD,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter is before the Court on three motions: (1) The motion for summary judgment (Doc. 56) filed by Defendant Dr. Hughes Lochard, asserting that Plaintiff failed to exhaust his administrative remedies before filing suit, to which Plaintiff responded (Doc. 58) and Lochard replied (Doc. 59); (2) Plaintiff's motion for summary judgment/evidence (Doc. 60); and Lochard's motion to strike Plaintiff's summary judgment motion (Doc. 61). For the following reasons, Lochard's motion for summary judgment (Doc. 56) is **GRANTED**, Plaintiff's motion for summary judgment (Doc. 60) is **DENIED**, and Lochard's motion to strike (Doc. 61) is **DENIED AS MOOT**.

**BACKGROUND**

Plaintiff Allen M. Farris filed this this *pro se* civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights while he was a pretrial detainee at the Franklin County Jail (Doc. 1). Plaintiff alleges that while he was at the jail, his neck was "snapped" and injured on the evening of July 17, 2021. He further alleges that Defendant Jacobs called Dr.

1

Lochard, but no treatment was given, and that he informed Defendants Jacobs and Dorris of his injury multiple times, but was never taken out of the jail to get x-rays.

Following threshold review of the Complaint, Plaintiff is proceeding on the following claim (Doc. 10, pp. 4-5; Doc. 21; Doc. 44):

> Count 2:   Fourteenth Amendment claim against Franklin County Jail officials Kenny Jacobs, Gerald Dorris, and Dr. Hughes Lochard, for failing to provide any treatment for Plaintiff's July 17, 2021 neck injury.

## **DISCUSSION**

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the non-moving party must identify specific facts in the record showing that genuine issues of material fact exist precluding summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson*, 477 U.S. at 248.

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner may not file a lawsuit about prison or jail conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011); *see also Crouch v. Brown*, 27 F.4th 1315, 1320 (7th Cir. 2022).

For a prisoner to properly exhaust his administrative remedies, he or she must "file

complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Exhaustion must be fully completed before the prisoner files suit; a case filed while a grievance appeal is still ongoing is premature and must be dismissed without prejudice. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020); *See also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Plaintiff was required to follow the grievance process in place at the Franklin County Jail in 2021. At the relevant time, the Franklin County Jail Handbook (Doc. 56-2) included the following Resident Grievance Procedure:

> You must try to resolve problems with staff or inmates before filing a grievance form. Residents are allowed to file a grievance when subjected to a criminal act by another inmate, a prohibited act by a staff member, abuse, harassment, violation of civil rights, or denied privileges without just cause as specified in this handbook while in custody of the Franklin County Jail.

(Doc. 56-2, p. 13).

According to Lochard, the Jail records do not contain any grievance filed by Plaintiff concerning inappropriate medical treatment, and Plaintiff did not identify Lochard as part of a grievance process (Doc. 56, pp. 2-3, 5; Doc. 56-1). The Court's review of these records discloses no grievance relevant to Plaintiff's July 17, 2021 injury.

Plaintiff presents no documentation or other evidence to show that he filed a grievance complaining about the lack of medical treatment during his time at the Jail (Doc. 58). He does not clearly dispute Lochard's assertion that he failed to file a grievance pursuant to the jail's policy, merely stating: "They sent my initial disclosures which I didn't see my grievance. When I thought it was known about my situation [sic]." *Id.* Additionally, Plaintiff asserts that he has evidence to support the alleged failure of Defendants to provide him with medical treatment, including

3

Defendant Jacobs' testimony, video evidence, and his attorney's testimony. However, those assertions are not relevant to the issue of exhaustion of administrative remedies.

Similarly, Plaintiff's motion for summary judgment does not raise a genuine factual issue regarding whether he filed a grievance identifying Lochard and/or Lochard's failure to treat Plaintiff's injury (Doc. 60). Plaintiff's motion complains that Defendants failed to file an incident report when he was assaulted by another detainee and argues that because of this failure, "they could've lost my grievance I wrote or just didn't put on record to save their butts." *Id.* The unverified motion fails to describe what information Plaintiff allegedly included in his grievance.

Neither Plaintiff's response nor his summary judgment motion identifies any facts in the record to demonstrate the existence of a genuine material factual dispute on the issue of exhaustion. Accordingly, summary judgment in Lochard's favor is warranted.

## DISPOSITION

The Motion for Summary Judgment filed by Defendant Dr. Hughes Lochard on exhaustion of administrative remedies (Doc. 56) is **GRANTED**. Defendant Lochard is **DISMISSED** from this action without prejudice. Because Defendants Jacobs and Dorris waived the defense of failure to exhaust (Doc. 41), this case will proceed on Count 2 against them.

Plaintiff's Motion for Summary Judgment/Evidence (Doc. 60) is **DENIED**. Defendant Lochard's Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. 61), is **DENIED AS MOOT**.

The matter of exhaustion of administrative remedies now being resolved, the stay on merits discovery is **LIFTED** and the parties can proceed with discovery on the merits of Plaintiff's claim in Count 2. The Court will enter a separate scheduling order to set forth discovery and dispositive

motion deadlines.

**IT IS SO ORDERED.**

**DATED: January 6, 2025**

*s/ Staci M. Yandle*
**STACI M. YANDLE
United States District Judge**

5