**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ALLEN M. FARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 23-cv-375-SMY** |
| | ) | |
| **KENNY JACOBS, GERALD DORRIS, and EDITH MARIE JOHNSON,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Plaintiff Allen M. Farris filed this this *pro se* civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights while he was a pretrial detainee at the Franklin County Jail (Doc. 1). This case is now before the Court for consideration of Defendants' Motion to Compel or in the Alternative Motion for Sanctions (Doc. 65), to which Farris responded (Doc. 66). For the following reasons, the motion is **GRANTED in part** and **DENIED in part**.

Defendants contend they sent Farris a notice of deposition on October 30, 2025, scheduling his deposition for November 5, 2025. When defense counsel arrived at Menard Correctional Center, Farris refused to leave his cell to appear for the scheduled deposition. Farris asserts that he did not leave his cell because he has "keep separate orders" on multiple inmates and was worried about leaving his cell. Farris apologized for the inconvenience and also expresses concern about talking to defense counsel about depositions because he believed it would be a conflict of interest.

A case may be dismissed pursuant to Rule 37 of the Federal Rules of Civil Procedure when the Court finds "willfulness, bad faith or fault on the part of the defaulting party." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011). However, the sanction of dismissal

must be "proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) (Sanction of dismissal was proper when plaintiff, who had previously given incomplete answers to the interrogatories and ignored requests for production of documents, walked out of her deposition without answering any questions).

The Court **GRANTS** Defendants' motion to compel Farris to sit for a deposition, but finds the sanction of dismissal is not warranted. Pursuant to the Scheduling Order, defendants are required to serve a Rule 30 Notice of Deposition at least 2 weeks prior to the date of the deposition. Here, the Notice went out less than a week before the scheduled deposition, and it is unclear whether Farris received notification prior to November 5, 2025.

Defendants shall depose Farris by October 30, 2026. The notice of deposition must be served at least 2 weeks prior to the date of the deposition. Farris is cautioned that he must cooperate in good faith in the taking of his deposition. The failure to cooperate in the taking of a deposition may result in sanctions including the dismissal of this lawsuit.

**IT IS SO ORDERED.**

**DATED: September 28, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**